UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| RONALD L. HAWKS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-70-TS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Petition for Attorney Fees Pursuant to § 206(b)(1) [ECF No. 24], filed by counsel for the Plaintiff on October 14, 2010. Attached to the Petition are related exhibits. As of the date of this Order, this Petition is unopposed, and the time for responding or opposing it has now passed.

On February 20, 2009, the Plaintiff, represented by counsel, filed a Complaint for Judicial Review [ECF No. 1] challenging the final decision of the Defendant denying the Plaintiff's claims for the establishment of a period of disability and disability insurance benefits. The Defendant answered the Complaint, and the Plaintiff filed a Memorandum in Support of Motion for Summary Judgment or Remand [ECF No. 15]. Before briefing was completed, the parties filed a Joint Stipulation to Remand [ECF No. 18]. On September 3, 2009, pursuant to the parties' Joint Stipulation to Remand, the Court ordered the Commissioner's final decision reversed and this case remanded to the Commissioner for further proceedings.

The parties then filed a Joint Stipulation for an Award of Attorney's Fees Under the Equal Access to Justice Act [ECF No. 21] in which they agreed that the Defendant would pay the Plaintiff's counsel, Frederick J. Daley of Daley, DeBofsky & Bryant, attorney's fees in the

amount of $7500.00. They represented to the Court that this award satisfied the Plaintiff's claims against the Defendant for fees and expenses under the Equal Access to Justice Act (EAJA). On November 17, 2009, the Court granted the parties' Joint Stipulation for an Award of Attorney's Fees and ordered the Defendant to pay the Plaintiff $7500.00 in attorney's fees under the EAJA, 28 U.S.C. § 2412.

In his Petition, counsel for the Plaintiff asks the Court to award attorney's fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). According to the Petition, the Plaintiff, Ronald L. Hawks, died on September 15, 2009, and the Plaintiff's spouse, Susan Hawks, was substituted and proceeded on his behalf in the administrative proceedings following remand. The Petition indicates that Susan Hawks, on behalf of the Plaintiff, prevailed on remand when the administrative law judge issued a favorable decision on March 8, 2010, awarding disability benefits back to February 2007. On June 29, 2010, the Commissioner's Office of Central Operations issued a Notice of Award, which is attached to the Petition as Exhibit A [ECF No. 24-1]. In addition to stating the Commissioner's approval of the fee agreement between the claimant and counsel, the Notice awards $47,293.00 in total past-due benefits and states that the Commissioner withheld $11,823.25, which is 25% of the award, to pay the approved attorney's fee.[1] For the services he provided before the Court, he seeks $11,323.25, which is nearly the entire 25% that was withheld, and he indicates that such an award is authorized by 42 U.S.C. § 406(b) and in accordance with the contingent fee agreement between counsel and the Plaintiff (Social Security Contingent Fee Contract), which is attached as Exhibit

---

[1] The Petition states that the sum of $45,293.00 was awarded in total past-due benefits and that 25% of this award is $11,323.25, and in his Petition, counsel requests a fee of $11,323.25. However, these figures differ from the figures stated in the Notice of Award. The Court adopts the $47,293.00 and $11,823.25 figures as stated in the Notice, but it will take the Petition at face value as a request for $11,323.25 in attorney's fees.

2

B [ECF No. 24-2]. In his Petition, counsel represents to the Court that he will refund the previously awarded $7500.00 EAJA fee to the Plaintiff.

An attorney who has successfully represented a social security claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). The combination of fees awarded under § 406(a) (for representation in administrative proceedings) and under § 406(b) (for representation in court) cannot exceed twenty-five percent of the past-due benefits awarded. *Id.* at 795-96. Unlike fees obtained under the EAJA against the Government for taking a position that was not "substantially justified," 28 U.S.C. § 2412(d)(1)(A), fees awarded under § 406 are charged against the claimant. Although fees may be awarded under both the EAJA and § 406(b), "an EAJA award offsets an award under Section 406(b)." *Gisbrecht*, 535 U.S. at 796 (quotation marks omitted); *see also id.* ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186). Consequently, the claimant's attorney must refund the claimant the amount of the smaller fee.

The Supreme Court has instructed that "§ 406(b) does not displace contingent-fee agreements," but requires "courts to review for reasonableness fees yielded by those agreements." *Id.* at 808–09. The Supreme Court has provided the following explanation regarding the "independent check" courts provide in these situations:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id.* at 807–08 (citations and footnotes omitted).

In this case, the Social Security Contingent Fee Contract provides that counsel's fee for his work on the Plaintiff's behalf is "25% of the past-due benefits if awarded by the court or the EAJA fee, which ever is the higher of the two." (ECF No. 24-2 at 1.) Under the Contract, counsel is entitled to a fee of up to $11,823.25, which is 25% of the $47,293.00 awarded as past-due benefits, unless such a fee is not reasonable.

In support of his Petition, counsel has provided resumes and summaries of the professional qualifications of the attorneys and law clerks who worked on the Plaintiff's case, which are attached to the Petition as Exhibit C [ECF No. 24-3]. These materials demonstrate that counsel and his colleagues have many years of experience and specialized knowledge in social security disability law. Counsel obtained favorable results for the Plaintiff in this Court and in the administrative proceeding on remand. With the aid of counsel, the Plaintiff obtained a reversal of the Commissioner's final decision, a remand of his claims to the Commissioner for further proceedings, and an award of $47,293.00 in past-due benefits. Counsel's advocacy in this Court was effective enough to persuade the Defendant to stipulate to a remand of this case, rather than respond to the Plaintiff's Memorandum in Support.

Counsel has also provided a time log, which is attached as Exhibit D [ECF No. 24-4].

Counsel and his colleagues spent a total of 91.2 hours working on this case.[2] This total includes 6.6 hours of attorney time and 84.6 hours of law clerk time. A fee of $11,323.25 would equate to a rate of approximately $124.16 per hour, which is reasonable for the services rendered, the results, the experience of counsel, and the contingent nature of the recovery. A total attorney's fee award of $11,323.25 is within the parameters of § 406(b) and the contingent fee agreement, assuming that counsel refunds the Plaintiff the previously awarded EAJA fee of $7500.00, as the Court will order.

For the foregoing reasons, the Court now GRANTS the Petition for Attorney Fees Pursuant to § 206(b)(1) [ECF No. 24] and AWARDS counsel for the Plaintiff fees in the total amount of $11,323.25 pursuant to § 406(b)(1). The Court ORDERS counsel to refund the Plaintiff $7500.00, which is the amount previously received pursuant to the EAJA.

SO ORDERED on November 19, 2010.

        s/ Theresa L. Springmann
        THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT, JUDGE
        FORT WAYNE DIVISION

---

[2] The time log does not include any time spent by counsel in the administrative proceedings on remand.